**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MAUREEN FASANO,                         :
                                        :        Civil Action No. 03-CV-672 (JLL)
                   Plaintiff,           :
                                        :
v.                                      :        **O P I N I O N  &  O R D E R**
                                        :
FEDERAL RESERVE BANK                    :
OF NEW YORK, et al.,                    :
                                        :
                   Defendants.          :
                                        :
_____  :

**APPEARANCES:**

THOMAS C. BAXTER, JR., ESQ.
GENERAL COUNSEL AND EXECUTIVE VICE PRESIDENT
FEDERAL RESERVE BANK OF NEW YORK
33 Liberty Street
New York, NY 10045

DENLEY Y.S. CHEW, ESQ.
COUNSEL & ASSISTANT VICE PRESIDENT
FEDERAL RESERVE BANK OF NEW YORK
East Rutherford Operations Center
100 Orchard Street
East Rutherford, NJ 07073
        (Attorneys for Defendant)

KATHLEEN DUNNIGAN, ESQ.
ANDREW DWYER, ESQ.
DWYER & DUNNIGAN, L.L.C.
17 Academy Street, Suite 1010
Newark, NJ 07102
        (Attorneys for Plaintiff)

**LINARES**, District Judge.

## INTRODUCTION

This matter comes before this Court on a motion by Defendants Federal Reserve Bank of New York ("FRB"), Ron Henry, Cynthia Ramos, Leroy Hope, Dottie Boyd, Kim Russo, Lisa Young, and Mertha Jakubiszen (hereinafter collectively "Defendants"), for reconsideration of this Court's March 31, 2004 Opinion and Order pursuant to L. Civ. R. 7.1(g), or certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  This Court considered submissions in support and opposition of the motion.  This matter is resolved without oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, Defendants' motion for reconsideration is DENIED. Alternatively, Defendants' motion for certification of interlocutory appeal is GRANTED.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in an earlier Opinion and Order of this Court entered March 31, 2004 ("Op. & Order"), and will not be repeated here, except where necessary to provide context for the pending motion for reconsideration and request for certification of an interlocutory appeal.  On December 18, 2001, Plaintiff Maureen Fasano (hereinafter "Fasano" or "Plaintiff") initiated suit against Defendants in New Jersey Superior Court, for retaliation and failure to accommodate in violation of the New Jersey Conscientious Employment Act ("CEPA"), N.J.S.A. 34:19-1 et. seq., and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et. seq..  After removal to this Court, Defendants moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In the

March 31 Opinion and Order, this Court denied Defendants' motions, holding that the FRB is a private corporation subject to state employment claims. (Op. & Order at 6-12). Furthermore, applying the preemption test for private employers, this Court determined that Defendants had not met their burden of demonstrating field preemption. (Id. at 12-14). In addition, analyzing the relevant state and federal laws,[1] this Court determined that they did not conflict sufficiently to warrant preemption. (Id. at 14-23).

## LEGAL DISCUSSION

I.    **Motion for Reconsideration**

   *A.    Legal Standard*

Prior to reaching the merits of a motion for reconsideration, the Court "must decide whether the arguments are properly raised under Local [Civil] Rule 7.1(g)". Holten v. Chevron U.S.A., 2002 U.S. Dist. LEXIS 17600, at *5 (D.N.J. Oct. 3, 2001). This rule provides in relevant part:

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believed the Judge or Magistrate Judge has overlooked.

L.Civ.R. 7.1(g). The motion may not be used to re-litigate old matters, or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Assets Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indust., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Rather, "the motion may

---

[1] Specifically, this Court analyzed whether CEPA or LAD conflict with the Federal Reserve Act, 12 U.S.C. § 341(Fifth), the Americans with Disabilities Act, 12 U.S.C. § 12101 et. seq., or the federal whistleblower statute, 12 U.S.C. § 1831j.

address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." Holten, 2002 U.S. Dist. LEXIS 17600, *6 (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).

Relief by way of motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly." Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Sagaral v. Mountainside Hosp., 2001 U.S. Dist. LEXIS 6872, at *3 (D.N.J. Mar 28, 2001); NL Indus., Inc., 935 F. Supp. at 516.  The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence." Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998).  Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  On the other hand, mere disagreement with the Court's decision is inappropriate on a motion for reargument, and should instead be raised through the normal appellate process. Holten, 2002 U.S. Dist. LEXIS 17600, at *6.  Accordingly, reconsideration motions "will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has [e]merged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." Id. at * 7 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  With this legal framework in mind, the Court will now consider Defendant's motion for reconsideration.

### B.     *Entitlement to Reconsideration*

Before evaluating the merits of the motion for reconsideration, the Court must first determine whether Defendants' arguments are properly raised under Local Rule 7.1 (g).  In order for an argument to be considered properly raised, Defendants must concisely set forth dispositive facts or controlling decisions of law which they claim this Court has overlooked.  This Court finds that all arguments now raised by Defendants were previously raised and already considered by this Court in deciding Defendants' original motion to dismiss.  Furthermore, Defendants have failed to demonstrate that there has either been an intervening change in law or a controlling decision that this Court overlooked.  Accordingly, Defendants are not entitled to reconsideration of the decision.

Initially, Defendants move for reconsideration on the grounds that this Court committed error in overlooking the significance of cases that distinguish the concepts of federal agency and federal instrumentality.  In fact, this Court has already considered, and rejected, Defendants' argument that the FRB is an instrumentality. (Op. & Order at 6-12).  In the original analysis of Defendant's motion to dismiss, this Court cited an abundance of authority to support the holding that the FRB is a private corporation rather than an instrumentality. (Id.).  Furthermore, this Court discussed and distinguished cases that found the FRB to be an instrumentality. (Id. at 10-12) (distinguishing Goodyear v. Miller, 486 U.S. 174 (1988); Fed. Reserve Bank of St. Louis v. Metrocentre Improvement Dist., 657 F.2d 183 (8th Cir. 1981); Hancock v. Train, 426 U.S. 167 (1976)); and Fed. Reserve Bank of Boston v. Comm'r of Corps. & Taxation, 499 F.2d 60 (1st Cir. 1974)).

In their brief in support of the motion for reconsideration, Defendants rely heavily on

McCulloch v. Maryland, 17 U.S. 316 (1819), arguing that this Court overlooked the Supremacy Clause in the March 31, Opinion.  Specifically, Defendants contend that the holding of McCulloch is not limited solely to taxation.  Rather, Defendants argue that the McCulloch holding was designed to keep federal government activity free from any type of state interference, absent clear Congressional authorization.  However, this argument was never raised in Defendants' original memorandum in support of their motion to dismiss.  In their initial memorandum, Defendants assert that "[t]he McColloch holding is unambiguous: 'the law passed by the legislature of Maryland, imposing a *tax* on the Bank of the United States, is unconstitutional and void.'"  (Defs.' Mem. in Supp. of Mot. to Dismiss at 9) (citing McCulloch, 17 U.S. at 436 (emphasis added)).  This Court has already distinguished the instant case from cases involving the issue of state taxation of Federal Reserve Banks.  (Op. & Order at 10). Moreover, at no point in their original memorandum did Defendants' argue that the preemption analysis of McCulloch extended beyond taxation claims to cover "any attempt by states to 'retard, impede, burden or in any matter control' the operations of the United States and its instrumentalities, including the nation's central banks."  (Defs.' Mem. in Supp. of Mot. for Recons. & Req. for Interlocutory Appeal at 8) (quoting McCulloch, 17 U.S. at 436).  Since this argument was not raised before the original decision was reached, it cannot be entertained by this Court in the context of this motion for reconsideration.  See P. Schoenfeld Assets Mgmt., 161 F. Supp. 2d at 352.

Defendants also contend that classifying the FRB as a private, non-governmental employer, led to the application of the incorrect preemption standard.  This argument is entirely based on the contention that the FRB is an instrumentality rather than a private employer.  As

previously mentioned, this Court thoroughly analyzed an abundance of case law before holding the FRB to be a private, non-governmental employer. Defendant's mere disagreement with this Court's characterization of the FRB as a private employer is not appropriate on a motion for reconsideration. See Holten, 2002 U.S. Dist. LEXIS 17600, at *6. Defendants do not assert that the preemption analysis applied by this Court was inappropriate for private employers. Therefore, Defendants have not met their burden of demonstrating either matters of fact or issues of law which this Court overlooked in issuing the March 31 Opinion and Order.

Finally, in support of their motion for reconsideration, Defendants direct this Court's attention to a decision issued in the Eastern District of Pennsylvania shortly after Defendants' motion to dismiss was denied. Specifically, Defendants assert that Evans v. Fed. Reserve Bank of Philadelphia, 2004 U.S. Dist. LEXIS 13265 (E.D. Pa. July 8, 2004), stands in direct conflict with this Court's preemption analysis in the March 31 Opinion and Order. Since it was decided in the Eastern District of Pennsylvania, Evans is not binding on this Court and, therefore, does not qualify as an intervening change in law. See Holten, 2002 U.S. Dist. LEXIS 17600, at *14 (citing NL Indust., Inc, 935 F. Supp. at 516). Consequently, Defendants are not entitled to reconsideration.

## II.     Request for Interlocutory Appeal

### *A.     Legal Standard*

Pursuant to 28 U.S.C. § 1292(b), Defendants request that this Court certify the March 31 Opinion and Order for interlocutory appeal. Section 1292(b) provides:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial

> ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). In other words, in order for certification of interlocutory appeals to be appropriate, each of three criteria must be satisfied: "the matter must (1) involve a controlling question of law; (2) offer substantial ground for difference of opinion as to its correctness; and (3) materially advance the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). However, because interlocutory appeals under § 1292(b) stand in contrast to the policy of avoiding "piecemeal appellate review of trial court decisions which do not terminate the litigation," they should be used sparingly. Cardona v. Gen. Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996) (quoting United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982). Accordingly, "the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." Id. (quoting Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983)).

    **B.**    *Entitlement to Certification*

An issue is deemed to be a 'controlling question of law' if its incorrect disposition would require reversal of the final judgment on appeal. Id. (quoting Katz, 496 F.2d at 755). Here, the issue of whether or not the Federal Reserve Act ("FRA") preempts Plaintiff's state law claims is clearly a 'controlling question of law.' Indeed, Plaintiff does not oppose Defendants' arguments

as to this prong. If, on appeal, it was decided that the FRA did in fact preempt Plaintiff's state law claims, this action would have to be dismissed for lack of subject matter jurisdiction. Because the Court is dealing with a 'controlling question of law', it must determine whether or not there is a "substantial ground for difference of opinion" as to the correctness of this Court's analysis in the March 31 Opinion and Order.

As previously mentioned, "a party's mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b). Id. Rather, in order for there to be "substantial ground for difference of opinion," there must be "a genuine doubt as to the correct legal standard." Id. In light of the differences of opinion regarding the degree to which the FRA preempts state anti-discrimination laws, this Court finds that a 'substantial ground for difference of opinion' exists. As discussed in detail by this Court in the March 31 Opinion and Order, some courts have found that the 'at pleasure language' in the FRA[2] conflicts with, and thereby preempts, *all state employment claims*. (Op. & Order at 15-16) (discussing Leon v. Fed. Reserve Bank of Chicago, 823 F.2d 928 (6th Cir. 1987) (rights under Michigan law preempted by federal law); Arrow v. Fed. Reserve Bank of St. Louis, 358 F.3d 392 (6th Cir. 2004) (FRA preempted state law claims); Kispert v. Fed. Home Loan of Cincinnati, 778 F. Supp. 950 (S.D. Ohio 1991) (Federal Home Loan Bank Act preempted Bank

---

[2] The FRA provides in relevant part:

> "A federal reserve bank . . . shall have the power to . . . appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter, to define their duties, require bonds for them and fix the penalty thereof, and *to dismiss at pleasure such officers or employees*."

12 U.S.C. § 341(Fifth) (emphasis added).

employee's state law claims); and Aalgaard v. Merchants Nat'l Bank, 224 Cal. App. 3d 674 (1990) (National Bank Act preempted Bank employee's state law claims) (emphasis added); see also Osei-Bonsu v. Fed. Home Loan Bank, 726 F. Supp. 95, 98 (S.D.N.Y. 1989) (state human rights agency's jurisdiction over claim of racial discrimination against bank preempted by Federal Home Loan Bank Act).

District Courts within the Third Circuit have also adopted this line of reasoning. For example, the court in Sheehan v. Anderson, held that the 'at pleasure language' preempts *any* state created employment right. 2000 U.S. Dist. LEXIS 3048, at *19-20 (E.D. Pa. Mar. 17, 2000) (citing Leon, 823 F.2d at 931) (emphasis added). Although Sheehan dealt primarily with contractual employment claims, the Eastern District of Pennsylvania specifically dealt with the FRA preemption of state anti-discrimination laws in the recent opinion Evans v. Federal Reserve Bank of Philadelphia, 2004 U.S. Dist. LEXIS 13265 (E.D. Pa. July 8, 2004). In Evans, after an in depth discussion of the relevant case law, Judge Padova concluded that "the 'dismiss at pleasure' language in the [FRA] preempts the application of state anti-discrimination laws which expand the rights and remedies available under federal anti-discrimination laws." Id. at *16. The Evans holding stands in direct contrast to the line of reasoning employed by this Court in the March 31 Opinion and Order.

As previously explained, this Court held in the March 31 Opinion and Order that the "at pleasure" language in the Federal Reserve Act establishes an "at will" employment situation that preempts employment contract claims but not state law anti-discrimination claims. (Op. & Order at 16-18). This position is supported by cases in other jurisdictions. See Katsiavelos v. Fed. Reserve Bank of Chicago, 1995 WL 103308, at *4 (N.D. Ill. March 3, 1995) (bank subject to

provisions of Illinois Human Rights Act); Moodie v. Fed. Reserve Bank of New York, 835 F. Supp. 751, 752-53 (S.D.N.Y. 1993) (New York State Human Rights Law not preempted by Federal Reserve Act); White v. Fed. Reserve Bank, 660 N.E.2d 493, 496 (Ohio Ct. App. 1995) (Bank employee's claim for handicap discrimination, under state law, was not preempted by Federal Reserve Act).  Simply stated, the Federal Reserve Act's establishment of an at-will employment relationship in the Federal Reserve Banks does not transform into the preemption of state employment discrimination laws.

In light of the split in authority, this Court finds that a "substantial ground for difference of opinion" exists.  See, e.g., Khan v. Fed. Reserve Bank, 2005 U.S. Dist. LEXIS 1543, at *39-40 (S.D.N.Y. Feb. 2, 2005) (noting "split in authority concerning whether state and local laws are preempted by the Federal Reserve Act and other banking provisions containing similar language").  Therefore, although this Court stands by the correctness of its March 31 decision, the Court acknowledges that these divergent approaches to the preemption analysis satisfy the second requirement for certification of interlocutory appeal.

The last criteria for certification of an interlocutory appeal is that it materially advance the ultimate termination of the litigation.  Plaintiff argues that to permit interlocutory appeal would only serve to delay this case.  However, a pronouncement by the Third Circuit as to the appropriate preemption analysis to be applied to the FRA vis-a-vis state anti-discrimination laws could lead to a prompt termination of this suit.  If the issue is resolved in Defendants' favor (i.e., the FRA preempts state anti-discrimination laws), it will indisputably result in a reversal of this Court's March 31 Opinion and Order and the dismissal of this action.  See United States v. A Parcel of Land, Bldgs., Appurtenances & Improvements, 742 F. Supp. 189, 191 (D.N.J. 1990).

Therefore, because all three criteria are satisfied, this Court shall exercise its discretion and certify the issue of whether the Federal Reserve Bank is immune from state employment discrimination law claims, particularly whether the FRA preempts state anti-discrimination laws, for appeal pursuant to 28 U.S.C. § 1292(b).

## **CONCLUSION**

For the reasons set forth above, it is on this 5th day of August, 2005, hereby:

**ORDERED** that Defendants' motion for reconsideration is **DENIED**; and it is further

**ORDERED** that Defendants' motion for certification for interlocutory appeal is **GRANTED** to determine whether the Federal Reserve Bank is immune from employment discrimination claims under state law.

IT IS SO ORDERED.

DATED: August 5, 2005

    /s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE